■ ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent, v ANDREW MACKEY, Appellant.— Order, Supreme Court, New York County (William J. Davis, J.), entered April 9, 1990, which, *inter alia,* granted plaintiff's motion to the extent of dismissing defendant's first and second affirmative defenses, unanimously modified, on the law, defendant's second affirmative defense reinstated, and otherwise affirmed, without costs.

The IAS court properly dismissed defendant's first affirmative defense and the counterclaims set forth in paragraphs 8 and 9 of defendant's answer. With respect to the second affirmative defense, however, although inartfully drafted, defendant is in fact claiming that the instant forfeiture proceeding pursuant to CPLR article 13-A was wrongfully commenced inasmuch as the defendant has no interest in the property which is the subject of the proceeding. Defendant has submitted proof in the form of leases and retail installment contracts which indicate that a corporation, New World Concerts, Inc., is the party having an interest in the subject automobiles. That entity was not named as a " '[n]on-criminal defendant' " in this action as defined in CPLR 1310 (10). Absent proof that the defendant and the corporation were in fact one entity, defendant's second affirmative defense should not have been summarily dismissed.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.